Citation Nr: 1829865 
Decision Date: 09/10/18 Archive Date: 09/24/18

DOCKET NO. 13-02 295 ) DATE
 )
 SUPPLEMENTAL DECISION )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to an initial compensable rating for bilateral plantar fasciitis with left heel bone spur before November 21, 2016, and in excess of 50 percent thereafter.

2. Entitlement to an effective date prior to November 21, 2016 for a total disability rating based on individual unemployability (TDIU). 


ATTORNEY FOR THE BOARD

K. McDonald, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the United States Air Force from September 1993 to September 1997.

As will be discussed further below, a prior Board decision did not appropriately consider the appeal for an increased rating for the Veteran's service-connected foot disability including plantar fasciitis in June 2015. As a result, the issue of an increased rating for plantar fasciitis has remained pending since that time. After discovering the previous error now, on the Board's own motion the Board will vacate the prior decision in pertinent part, removing the erroneous orders and reissuing a decision for an increased rating as should have been completed initially. 

This is fully favorable to the Veteran as it preserves the entire appellate period and will award benefits at the earliest allowable dates. In addition, it renders moot the matter of an earlier effective date before November 21, 2016 for an increase to 50 percent for plantar fasciitis because the rating for plantar fasciitis for the entire appellate period is now under consideration and will be discussed below. 
However, the downstream issue of an earlier effective date for a TDIU rating remains on appeal and will be separately addressed as the issue was presently framed. 


FINDINGS OF FACT

1. The June 16, 2015 Board decision did not consider plantar fasciitis as part of the properly perfected appeal for an increased rating for left heel new bone growth with plantar fasciitis, and separately granted service connection for plantar fasciitis in error (as service connection was already in effect); this resulted in a denial of due process for the Veteran. 

2. Throughout the pending appeals period, the Veteran has experienced fatigability and pain on use of the feet, particularly with any prolonged walking or standing. 

3. Prior to November 21, 2016, the most probative evidence does not reflect that the Veteran's bilateral plantar fasciitis with left heel bone spur was manifested by objective evidence of marked deformity, pain on manipulation and use accentuated, indication of swelling on use, characteristic callosities, or other symptoms more nearly approximating the criteria for the next higher rating.

4. Throughout the appeal, the evidence is in relative equipoise as to whether the Veteran was rendered unable to secure or follow a substantially gainful occupation as a result of her service-connected disabilities alone. 


CONCLUSIONS OF LAW

1. The June 16, 2015 Board decision is vacated in part, only as to the orders denying a compensable rating for a left heel spur and granting service connection for bilateral plantar fasciitis. 38 U.S.C.A. § 7104(a) (2012); 38 C.F.R. § 20.904 (2017). 

2. From September 6, 2009 to November 20, 2016, the criteria for a 10 percent rating, and no higher, for bilateral plantar fasciitis including left heel bone spur are met. 38 U.S.C.A. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1-4.7, 4.10, 4.13, 4.14, 4.20, 4.40, 4.44, 4.57, 4.71a Diagnostic Code 5276 (2017).

3. As of November 21, 2016, the criteria for a rating in excess of 50 percent for bilateral plantar fasciitis including left heel bone spur are not met. 38 U.S.C.A. §§ 1155, 5107 (2012); 38 C.F.R. §§ 4.1-4.7, 4.10, 4.13, 4.14, 4.16, 4.20, 4.40, 4.44, 4.57, 4.71a Diagnostic Code 5276 (2017).

4. The criteria for an effective date of September 6, 2009 for the assignment of a TDIU rating have been met. 38 U.S.C.A. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.102, 3.340, 3.341, 3.400 (2017).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Vacatur

The Board of Veterans' Appeals (Board) may vacate an appellate decision at any time upon request of the appellant or representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.904 (2017). 

In this instance, the Veteran was denied the opportunity to present evidence and argument on her properly perfected appeal regarding the evaluation of bilateral plantar fasciitis with left heel bone spur in June 2015. Specifically, the Board erred in adjudicating the increased rating claim as though it did not include plantar fasciitis, and then granted service connection separately for plantar fasciitis. However, at the time of the June 2015 Board decision, service connection had already been established for bilateral plantar fasciitis in connection with the left heel bone spur. 

By way of a brief explanation, the Board notes that service connection was originally established only for the left heel bone spur in an April 2010 rating decision. Then, in adjudicating the initial noncompensable rating for the bone spur disability, a January 2013 Statement of the Case adds bilateral plantar fasciitis to the service-connected bone spur disability. The Veteran then perfected her appeal as to her claim for a higher initial rating, thus encompassing both the now service-connected plantar fasciitis and bone spur together as a service-connected foot disability. 

The Board now seeks to resolve the prior erroneous orders by vacating the pertinent parts of the June 2015 decision. The order granting service connection for plantar fasciitis is redundant as service connection was already in effect for this disability. The removal of this prior order will have no effect on the Veteran's benefits. More importantly, however, the Board now vacates the June 2015 decision on entitlement to an increased rating for the left heel bone spur that did not include consideration of the Veteran's bilateral plantar fasciitis. The Board will then address the Veteran's appeal for an increased rating for her foot disability as though the prior erroneous decision had not been rendered. 

In essence, the Veteran's perfected appeal for an increased rating for her service-connected bilateral plantar fasciitis has remained pending before the Board since her substantive appeal was submitted in January 2013. As such, the matter of an increased rating will now be considered as framed above, adjudicating entitlement to an initial compensable rating for bilateral plantar fasciitis with left heel bone spur before November 21, 2016, and in excess of 50 percent thereafter. 

Increased Rating

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentage ratings are based on the average impairment of earning capacity resulting from service-connected disability; separate diagnostic codes identify the various disabilities and the criteria for specific ratings. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. All potentially applicable rating criteria and regulations must be considered. 

If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. All reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. § 4.3. Staged ratings must be considered, which are appropriate when the evidence establishes that the claimed disability manifested symptoms that would warrant different ratings for distinct time periods during the appeal.

Here, the Veteran's bilateral plantar fasciitis and left heel bone spur are currently evaluated as 50 percent disabling under Diagnostic Code (DC) 5276 for acquired flatfoot. This DC is used because there is no DC listed specifically for plantar fasciitis or bone spurs of the feet. Instead, when an unlisted condition is encountered, the rater is instructed to rate under a closely related disease or injury in which not only the functions affected, but the anatomical localization and symptomatology are closely analogous. 38 C.F.R. § 4.20. The Board notes that the Veteran's foot disability was previously rated under DC 5015-5284. This indicates a rating for benign new growth of bone (i.e. bone spur) based upon the criteria for "other foot injuries" found at DC 5284. Although the Board does not find the ratings for other foot injuries to be inappropriate in this case, the current assignment of DC 5276 will not be disturbed as under this code a 50 percent rating is currently assigned, which would not be available to the Veteran under the other potentially applicable code at DC 5284, at which the highest available rating is a 30 percent rating. As the existing DC 5276 criteria also has anatomical localization and symptomatology analogous to the Veteran's disability, but also provides for greater benefit to the Veteran than that available under DC 5284, DC 5276 will be retained. 

Under DC 5276, the rating criteria are as follows:

mild symptoms relieved by a built-up shoe or arch support are noncompensable (zero percent disabling); 

moderate symptoms with weight-bearing line over or medial to great toe, inward bowing of the tendo achillis, or pain on manipulation and use of the feet, whether bilateral or unilateral (10 percent disabling); 

severe symptoms with objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, characteristic callosities (20 percent unilateral, or 30 percent bilateral); 

pronounced symptoms with marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo achillis on manipulation, not improved by orthopedic shoes or appliances (30 percent unilateral, or 50 percent bilateral).

Prior to November 21, 2016

Throughout the Veteran's appeal, it is well-documented that she reports pain on use of the feet. In her October 2010 Notice of Disagreement, the Veteran reported "constant pain while standing or walking." It is unclear whether this involves the Veteran's service-connected varicose veins, plantar fasciitis, left heel bone spur, or any one of several other diagnosed by nonservice-connected feet disabilities. Most likely the pain described is some combination of several of these. On VA examination in February 2010, the Veteran reported redness of the left foot, with pain, redness and fatigability of the right foot. She reported pain with walking, and the faster the pace, the faster the onset of pain. She reported that "she can do any activity but not without pain." VA examination, February 2010.

Based upon the competent and credible medical and lay evidence of moderate symptoms with pain on use of the feet, a 10 percent evaluation is warranted from the date of the Veteran's claim for service connection in September 2009.

The Board has reviewed the entirety of the record, but does not find evidence of symptoms that more nearly approximate the severity of symptoms listed in the criteria for the next higher evaluation of a 30 percent rating for bilateral foot disability under DC 5276. Specifically, the evidence does not show marked deformity of the feet, accentuated pain on manipulation and use, swelling on use, or characteristic callosities. 

At the February 2010 examination, there was no swelling, heat, stiffness, weakness, or lack of endurance identified in either foot. The examination report reflects the Veteran was able to stand 3 to 8 hours with only short rest periods and had no functional limitation to walking. She reported using orthotic inserts occasionally depending on the shoes she would wear at a given time, and reported good efficacy for these inserts. Tenderness over the dorsal aspect of the 3rd, 4th, and 5th metatarsals of the right foot was documented during the examination. The Veteran's gait was normal. 

The Veteran has stated that she feels this examiner asked questions in a way that made it seem as though her conditions were less severe than they were. Some examples that she gives of this pertain to her varicose veins condition, not on appeal here. She also gives an example of the examiner reporting she has "little pain" since she does not have to stand on the job, where in reality, she argues that she cannot obtain a job where she must stand due to her left heel bone spur. Statement in support of claim, October 2010. In fact, the February 2010 examiner never uses the phrase "little pain." In the segment of the report for circumstances and initial manifestations, the report states "The pain in the right heel was worse than the left, she was not seen for the left heel pain. On the dorsal aspect of the foot, the left foot has worse pain. This pain started after separation from the military. Veteran states that the heel is better and that she has not had heel pain since she has not had the standing job. The pain on the dorsal aspect of the foot is worse than previously."

In this respect, the Board finds that the examiner does not appear to be minimizing symptoms experienced by the Veteran where he explicitly states that certain symptoms of foot pain have worsened. Also, despite the Veteran's disagreement about this examination and what she feels to be the mischaracterization of a significant amount of foot pain she experiences on standing, she does not state that the examiner failed to report any other pertinent symptoms that would equate to a higher rating, such as swelling, callosities, or deformities. The Veteran's own statements about her foot disabilities do not describe objective evidence of marked deformity in pronation or abduction, etc., pain on manipulation, indication of swelling on use, or characteristic callosities. Thus, the only substantial criteria left for consideration is whether the symptoms experienced by the Veteran equate to accentuated pain on use. 38 C.F.R. § 4.71a, DC 5276.

Upon examination in October 2012, several foot diagnoses were rendered which were not subsequently service-connected. Nonetheless, at the time, the primary manifestation of foot disability even including the nonservice-connected conditions included some residual numbness, the wearing of inserts in tennis shoes, and bilateral heel pain that limited prolonged standing with some bilateral dorsal foot soreness. No assistive devices such as a cane or crutches were used. The Veteran described her functional limitations as needing to limit her shopping trips and being unable to exercise. She reported that she was unable to stand or walk for any prolonged period and had been unable to procure a job that required standing. 

VA kinesiotherapy treatment records also describe reports of the Veteran's foot pain. In September 2015, the Veteran reported onset of foot pain of approximately 4 months. She reported pain at level of 5/10 on September 15, 7/10 on September 18, and 7-8/10 on September 22. Medicated patches were applied to the dorsum of each foot during these treatment sessions. 

In all, the Board does not find the evidence to be consistent with the criteria for a higher rating, representing severe symptoms for DC 5276 including pain on manipulation and use accentuated. Upon VA examination in February 2010, the Veteran's foot disabilities were described as having only a mild effect on her chores, shopping, and recreation, and a moderate effect on her exercise, with no effect on traveling, driving, or self-care such as bathing or dressing. Although pain on manipulation and use of the feet has been identified which warrants a 10 percent rating, accentuated pain on manipulation and use is not identified. The Veteran describes great pain on standing or walking, but this is not borne out by the treatment or examination record. She uses no assistive devices, and does not exhibit an abnormal gait even when walking distances to medical appointments. She was not using orthotics at her appointments in September 2015. No other symptomatology consistent with criteria such as marked deformity, swelling on use, or callosities is demonstrated. Thus, although there is evidence of pain on use, and the Veteran describes this pain as "great" the Board does not find credible evidence of accentuated pain on manipulation and use to warrant a higher rating. Overall, the disability picture most nearly approximates the criteria for moderate disability warranting a 10 percent rating, and no higher under DC 5276 prior to November 21, 2016. 



As of November 21, 2016

Upon VA examination on this date, the examiner noted extreme tenderness of plantar surfaces of both feet that was not improved by orthopedic shoes or appliances. On this basis, a 50 percent rating under DC 5276 was established. This is the highest rating available for this disability. A TDIU rating was also established as of this date based upon the Veteran's service-connected disabilities meeting the minimum percentage threshold for schedular TDIU. The Veteran has raised no other issues, nor have any other issues been reasonably raised by the record regarding entitlement to a higher rating for the period since November 21, 2016. 


Earlier Effective Date

The effective date of an award for increased compensation such as TDIU will be the date of receipt of the claim, or the date entitlement arose, whichever of these occurs later. 38 C.F.R. § 3.400. The statute on which this regulation is based states the effective date "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore." 38 U.S.C. § 5110(a) (2012). 

In this instance, the award of TDIU stems from the Veteran's disagreement with the initial rating assigned at the time that service connection was awarded. Thus, the pertinent date of claim is her original claim of entitlement to service connection in September 2009. 

The June 2017 Board decision found the evidence to be in equipoise, an equal balance of positive evidence in support of the Veteran's claim and negative evidence against the Veteran's claim that she was unable to secure or follow a substantially gainful occupation as a result of her service-connected disabilities since the date of her claim. Prior to the time that she met the minimum percentage threshold, this would require extraschedular consideration for TDIU under 38 C.F.R. § 4.16(b). The Board is not allowed to award this in the first instance. However, pursuant to the Board's prior remand the Director of Compensation Service considered but denied the request for extraschedular TDIU before November 16, 2016. Although the Board is not bound by this decision, it now allows the Board to grant the award as an earlier decisionmaker must first reach a determination as there is a doctrine that there is only one review on appeal. In other words, the Board must review a decision that has already been made before. Although an equal weight of the medical evidence states that the Veteran remains capable of sedentary employment against an equal weight of the lay evidence that states the Veteran is unable to secure or follow a substantially gainful occupation due to her service-connected disabilities, the reasonable doubt must be resolved in favor of the Veteran. 38 C.F.R. § 4.3. As a result, TDIU is awarded from the date of claim as the date entitlement arose, based on the Board's finding in the prior June 2017 decision.

 

ORDER

As to these portions of the decision only, the June 16, 2015 Board decision ordering a grant of service connection for bilateral plantar fasciitis and denying a compensable rating for a left heel spur is VACATED.

From September 6, 2009 to November 20, 2016, a 10 percent rating and no higher, for bilateral plantar fasciitis including left heel bone spur is granted.

As of November 21, 2016, a rating in excess of 50 percent for bilateral plantar fasciitis including left heel bone spur is denied. 

An effective date of September 6, 2009 for entitlement to TDIU is granted.





____________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs